UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY BRIAN JOHNSON,<br><br>Appellant,<br><br>v.<br><br>IRMA C. EDMONDS and OFFICE OF THE U.S. TRUSTEE (SACRAMENTO),<br><br>Appellees. | No. 2:14-cv-00889-TLN<br><br><br><br>**ORDER** |

This matter is before the Court pursuant to Jeffrey Brian Johnson's ("Appellant") appeal from the denial of his motion to set aside judgment. (Brief in Supp. of Appeal, ECF No. 11.) For the reasons set forth below, the Court vacates the order denying Appellant's motion to set aside judgment and remands to the United States Bankruptcy Court, Eastern District of California ("bankruptcy court") for reconsideration consistent with this opinion.

**I.   PROCEDURAL BACKGROUND**

On January 24, 2014, Appellant moved to have his Chapter 7 bankruptcy converted to Chapter 13 on the grounds that liens and fines, which made up most of Appellant's debt, were not dischargeable under his pending Chapter 7 bankruptcy. (Statement of Facts ("SOF"), ECF No. 11 at 10.)[1] On February 24, 2014, the motion was denied without prejudice for Appellant's failure to

---

[1] Appellant's brief (ECF No. 11) includes legal argument and numerous attachments without exhibit designations.

1

properly serve creditors, to support the motion with evidence, and for violation of a separate notice of hearing. (SOF, ECF No. 11 at 10.) Appellant maintains that he filed a corrected motion on March 4, 2014, that was not entered until March 5, 2014. (SOF, ECF No. 11 at 10.) Prior to the entry of his corrected motion, the bankruptcy court issued an order discharging Appellant's debt under Chapter 7 on March 4, 2014, making Appellant's motion moot. (SOF, ECF No. 11 at 10.) As a result, Appellant moved the bankruptcy court to set aside its order of Chapter 7 discharge on March 13, 2014. (Mot. to Set Aside, ECF No. 11 at 55.) In his motion, Appellant argued that the bankruptcy court should apply Fed. R. Civ. Pro. 60(a) ("FRCP 60(a)") and 60(b) ("FRCP 60(b)"), as required by Fed. R. of Bankruptcy Pro. 9024 ("FRBP 9024"). (Mem. in Supp. of Mot. to Set Aside ("Mem."), ECF No. 11 at 62 and 65.)    The bankruptcy court issued an order denying his motion on March 24, 2014. (Order, ECF No. 11 at 84.) Appellant filed a notice of appeal with this Court contesting the bankruptcy court's order on April 8, 2014. (ECF No. 11 at 11.)

## II.   STANDARD OF REVIEW

District courts have appellate jurisdiction over final judgments, orders, and decrees of bankruptcy courts. 28 U.S.C. § 158(a)(1). "When reviewing a bankruptcy court's decision ..., a district court functions as an appellate court and applies the standard of review generally applied in federal court appeals." *In re Crystal Properties, Ltd., L.P.*, 268 F.3d 743, 755 (9th Cir. 2001) (quoting *In re Webb*, 954 F.2d 1102, 1103–04 (5th Cir.1992)). The district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bank. P. 8013.

The Court finds that the instant appeal is based upon a mixed question of law and fact. "A mixed question of law and fact occurs when the historical facts are established; the rule of law is undisputed … and the issue is whether the facts satisfy the legal rule." *Id*. (citing *Pullman-Standard v. Swint*, 456 U.S. 273, 289 n. 19 (1982)). Where a court is presented with a mixed question of law and fact, a de novo standard of review applies. *In re Bammer*, 131 F.3d 788, 792

---

For clarity, the Court will refer to the individual titles of each document within the filing when referencing ECF No. 11.

1   (9th Cir. 1997).

2   **III.   ANALYSIS**

3   In his appeal to this Court, Appellant makes three arguments.  First, Appellant alleges that
4   the bankruptcy court committed prejudicial error when it failed to address Appellant's argument
5   that a clerical error under FRCP 60(a) provided sufficient cause to set aside the discharge order.
6   (Argument, ECF No. 11 at 13.)  Second, Appellant argues that the bankruptcy court misapplied
7   the law to the facts under FRCP 60(b)(1) when it failed to address Appellant's argument that his
8   circumstances met the "excusable neglect" requirement.  (Argument, ECF No. 11 at 14–15.)
9   Finally, Appellant alleges that the bankruptcy court erroneously applied the requirements of 11
10  U.S.C. § 727 to Appellant's motion.  (SOF, ECF No. 11 at 11–12.)

11         a.   FRCP 60(a)

12  Pursuant to FRBP 9024, Relief from Judgment or Order, a court should apply FRCP 60
13  when a party seeks relief from judgment.  FRCP 60(a) states that the "court may correct a clerical
14  mistake or a mistake arising from oversight or omission whenever one is found in a judgment,
15  order, or other part of the record."  In Appellant's motion before the bankruptcy court, he argues
16  that his motion requesting conversion from Chapter 7 to Chapter 13 was incorrectly marked as
17  filed on March 5, 2014, when Appellant actually filed it on March 4, 2014.  (Mem., ECF No. 11
18  at 63–64.)  Appellant further argues that his motion was submitted before the bankruptcy court's
19  discharge was issued, although he provides no evidence to support this contention.  (Mem., ECF
20  No. 11 at 63–64.)  Appellant's motion argues that the bankruptcy court failed to address this
21  issue.  (Argument, ECF No. 11 at 13.)

22  The Court has reviewed the bankruptcy court's order denying Appellant's motion and
23  finds that the bankruptcy court did not address Appellant's contention that a clerical error resulted
24  in improper dismissal of his motion to convert his proceedings.  (Order, ECF No. 84–85.)  This
25  Court further determines that a mistake under FRCP 60(a) could form the basis for vacating the
26  Chapter 7 discharge.  "Errors correctable under FRCP 60(a) include those where what is written
27  or recorded is not what the court intended to write or record."  *Blanton v. Anzalone*, 813 F.2d

28

1574, 1577 (9th Cir. 1987).[2]  A court has discretion to determine if correction of a clerical error is appropriate under FRCP 60(a). *Id.*  Because the bankruptcy court is in the best position to assess the possibility of its own clerical error, the Court hereby remands this case to the bankruptcy court to determine if clerical error occurred under FRCP 60(a).

        b.  <u>FRCP 60(b)</u>

FRCP 60(b)(1) also allows for relief from judgment when a party demonstrates "mistake, inadvertence, surprise, or excusable neglect."  Appellant argued in the motion that his late filing of his motion for conversion could be considered "excusable neglect" due to a medical emergency occurring between the time his first motion for conversion was dismissed without prejudice, February 24, 2014, and March 4, 2014.  (Mem., ECF No. 11 at 67.)  Appellant submitted a declaration and documentation of his injury to the bankruptcy court along with his motion for relief from judgment.  (Decl. of J. Johnson, ECF No. 11 at 71–77.)  Appellant argues that the bankruptcy court failed to address this issue.  (Argument, ECF No. 11 at 13.)

The Court has reviewed the bankruptcy court's order denying Appellant's motion and finds that the bankruptcy court did not address Appellant's contention that his emergency medical condition constituted excusable neglect under FRCP 60(b)(1).  (Order, ECF No. 84–85.)  However, the Court notes that relief under FRCP 60(b) is to be "'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action.'"  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005)).  Courts have "considerable discretion" in applying FRCP 60(b) as a remedy.  *Mazalin v. Safeway, Inc.*, No. CIV S-10-1445 KJM, 2012 WL 5387704, at *1 (E.D. Cal. Nov. 1, 2012).  Because the bankruptcy court is most familiar with the circumstances of this case, the Court hereby remands this case to the bankruptcy court to use its discretion to determine if excusable neglect occurred under FRCP 60(b)(1).

/ / /

---

[2] *Compare Re v. United States*, No. C 13-03518 WHA, 2014 WL 296046, at *2 (N.D. Cal. Jan. 27, 2014) (denying plaintiff's motion for FRCP 60(a) relief where the alleged mistake was based on substantive legal or factual mistakes within the order).

   c. <u>11 U.S.C. § 727</u>

Finally, in his appeal to this Court, Appellant argues that the bankruptcy court's application of 11 U.S.C. § 727 to his motion for relief from judgment was incorrect. (SOF, ECF No. 11 at 11.) This Court agrees. FRBP 9024 specifies the FRCP 60 should apply in cases where relief from judgment is sought. FRBP 9024 indicates that, in order to revoke a discharge of a Chapter 7 case, the court must apply 11 U.S.C. § 727(e) in determining the timeline in which the motion for discharge is filed, providing one year from the entry of discharge. However, the bankruptcy court's order dismissing Appellant's motion for discharge discusses the four factors under 11 U.S.C. § 727(d). (Order, ECF No. 11 at 85.) Rule 9024 gives no indication that 11 U.S.C. § 727(d) is applicable in this instance and the text of § 727(d) itself indicates that the subsection is only appropriate in adversarial proceedings, not a motion of this nature.

The Court finds that 11 U.S.C. § 727(d) is not the correct standard to apply to Appellant's motion for discharge. However, the Court does not find this error to be prejudicial. The bankruptcy court's order simply indicates that 11 U.S.C § 727(d) does not provide grounds for revocation, which is correct. The bankruptcy court's determination with respect to 11 U.S.C. § 727(d) should not prevent a determination that revocation is permissible under FRCP 60 if the bankruptcy court finds, using its discretion, that revocation is appropriate on the grounds of clerical error or excusable neglect.

**IV. CONCLUSION**

The order of the bankruptcy court denying Appellant's motion to set aside his Chapter 7 discharge is vacated. This case is remanded to the bankruptcy court for a determination of whether the bankruptcy court committed a clerical error under FRCP 60(a) and whether Appellant's medical treatment between February 24, 2014 and March 4, 2014 constitutes excusable neglect under FRCP 60(b).

IT IS ORDERED.

Dated: January 30, 2015

                    Troy L. Nunley
                    United States District Judge

5